IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ELCINDA PERSON,<br>    Plaintiff,<br><br>        v.<br><br>TECHNICAL EDUCATION SERVICES, INC.<br>d/b/a AVIATION INSTITUTE OF<br>MAINTENANCE,<br>    Defendant,<br><br>        v.<br><br>HIGHER ED GROWTH, LLC d/b/a INQUIR,<br>    Third-Party Defendant. | Civil Action No.<br>1:19-cv-03735-SDG |

## OPINION AND ORDER

This matter is before the Court on a motion for summary judgment filed by Third-Party Defendant Higher Ed Growth, LLC d/b/a Inquir (Higher Ed) [ECF 107]; and a motion to strike Higher Ed's reply brief filed by Defendant Technical Education Services, Inc. d/b/a Aviation Institute of Maintenance (Aviation Institute) [ECF 112]. For the following reasons, Aviation Institute's Third-Party Complaint against Higher Ed is **DISMISSED WITHOUT PREJUDICE** and the parties' pending motions are **DENIED AS MOOT** [ECF 107; ECF 112].

### I. Background

#### A. Person's Claims Against Aviation Institute

Plaintiff Elcinda Person brought this putative class action on August 19, 2019, against Aviation Institute seeking to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act (TCPA), codified at 47 U.S.C. § 227, *et seq*. Count I of his complaint alleged a violation of the TCPA's prohibition on automated telemarketing calls under 47 U.S.C. § 227(b)(1)(A)(iii). Count II contended that Aviation Institute violated the TCPA's internal "do-not-call" provisions under 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d). On November 4, 2021, Person and Aviation Institute filed a stipulation of dismissal, resolving Person's claims against Aviation Institute.[1]

#### B. Aviation Institute's Claims Against Higher Ed

On June 26, 2020, Aviation Institute filed a Third-Party Complaint against Higher Ed, asserting claims for indemnification (Count I) and breach of contract (Count II).[2] According to Aviation Institute, Higher Ed owed it a duty of indemnification as the direct beneficiary of a contract executed between Higher Ed

---

[1] ECF 113.

[2] ECF 39.

and non-party MDT Marketing. On December 3, Higher Ed filed a motion for summary judgment on Aviation Institute's third-party claims.[3]

On June 8, 2021, the Court granted Higher Ed's motion for summary judgment as to Count I of Aviation Institute's Third-Party Complaint—the claim for indemnification.[4] Higher Ed had also moved for summary judgment on Count II—the breach of contract claim—but failed to otherwise brief the issue. As a result, the Court denied the motion in that regard.[5] On July 7, Higher Ed again moved for summary judgment on Count II of Aviation Institute's Third-Party Complaint.[6]

## II. Analysis

### A. Subject Matter Jurisdiction over Aviation Institute's Pendent Claims

In light of Person and Aviation Institute's stipulated dismissal of claims, the Court declines to retain subject matter jurisdiction over Aviation Institute's third-party claim against Higher Ed for breach of contract. Accordingly, the Court will not adjudicate Higher Ed's second motion for summary judgment, even if Higher Ed were permitted to proceed on its renewed motion. *See Fernandez v. Bankers Nat.*

---

[3]  ECF 71.

[4]  ECF 104.

[5]  *Id.*

[6]  ECF 107.

*Life Ins. Co.*, 906 F.2d 559, 569 (11th Cir. 1990) (emphasis added) ("Two motions for summary judgment may be ruled upon in the same case, particularly *when discovery has been extended for good reason . . . and the district judge allows a second summary judgment motion.*") (citing *Allstate Fin. Corp. v. Zimmerman*, 296 F.2d 797, 799 (5th Cir. 1961) (noting general disapproval for the "piecemeal consideration of successive motions for summary judgment, since defendants might well normally be held to the requirement that they present their strongest case for summary judgment when the matter is first raised," but allowing it where the successive summary judgment motion included new evidence)).

### 1. Legal Standard

District courts have original subject matter jurisdiction over all civil actions arising under the United States Constitution, as well as its laws and treaties (*i.e.*, federal question jurisdiction). 28 U.S.C. § 1331. In addition, district courts have subject matter jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties (*i.e.*, diversity jurisdiction). 28 U.S.C. § 1332. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or

controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

However, "[s]upplemental jurisdiction is discretionary, and a court may exercise its discretion to dismiss or retain state claims after dismissing claims subject to its original jurisdiction under 28 U.S.C. § 1367(c)(3)." "[D]ecisions of state law should be avoided [by federal courts] both as a matter of comity and to promote justice between the parties, by procuring them a surer-footed reading of applicable law." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

> Certainly, if the federal claims are dismissed before trial, even though insubstantial in a jurisdictional sense, the state claims should be dismissed as well. Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolutions to state tribunals.

*Id.* If there is no federal question or diversity jurisdiction here, then the Court's decision to exercise or decline supplemental jurisdiction over Aviation Institute's remaining claims is purely discretionary.

### 2. Analysis

Aviation Institute's Third-Party Complaint against Higher Ed does not independently satisfy federal question or diversity jurisdiction. Count II, Aviation Institute's only remaining claim against Higher Ed, does not "arise under" federal

law; therefore, the Court cannot exercise federal question jurisdiction over it. 28 U.S.C. § 1331. *See also Holmes Grp., Inc.*, 535 U.S. at 831. Also, diversity jurisdiction requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Aviation Institute only offers conclusory allegations about the amount in controversy, and it fails to provide determinative information about any party's citizenship.[7]

The Court declines to exercise supplemental jurisdiction over Count II of Aviation Institute's Third-Party Complaint against Higher Ed because the Court has dismissed all claims over which it ha[d] original jurisdiction; namely, Person's TCPA claims against Aviation Institute. Since Person's federal law claims have been dismissed, "the balance of factors to be considered under the pendent jurisdiction doctrine . . . point[s] toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *Omega Farm Supply, Inc. v. Tifton Quality Peanuts*, LLC, No. 7:07-cv-101(HL), 2008 WL 926981, at *2 (M.D. Ga. April 1, 2008) ("[T]his Court cannot exercise supplemental jurisdiction over the remaining state law claims in this case because

---

7   ECF 39, at 4.

the sole claim within the original jurisdiction of this Court was dismissed for lack of subject matter jurisdiction.").

Further, Aviation Institute's third-party breach of contract claim raises a relatively complex issue of state law. The Court therefore exercises its discretion and declines supplemental jurisdiction over the remaining state-law claim.

And while fairness to the parties is not dispositive of the supplemental jurisdiction question, *Knowles v. Hart*, 825 F. App'x 646, 650 (11th Cir. 2020), dismissal is not unfair in this case because Aviation Institute, the third-party plaintiff, previously signaled its belief that the Court should not have exerted federal question jurisdiction over Person's federal law claims in the first instance (thus disputing the jurisdictional basis it now relies on for its remaining third-party claim).[8] *Cf. Austin v. Metro Dev. Grp.*, LLC, No. 8:20-CV-1472-KKM-TGW, 2021 WL 5629162, at *11 (M.D. Fla. Dec. 1, 2021) (discussing the lack of unfairness in declining to exercise supplemental jurisdiction over the defendants' state law claims where the defendants raised jurisdictional challenges earlier in the litigation).

---

8   ECF 61.

Because "[a] dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice," *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008), the Third-Party Complaint is dismissed without prejudice.

## III. Conclusion

Aviation Institute's Third-Party Complaint is **DISMISSED WITHOUT PREJUDICE**. Aviation Institute's and Higher Ed's motions are, therefore, **DENIED AS MOOT** [ECF 107; ECF 112]. The Clerk is **DIRECTED** to close the case.

**SO ORDERED** this 28th day of March, 2022.

Steven D. Grimberg
United States District Court Judge